UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X
NIZAM SHINN

                     Plaintiff,

      -against-                        **COMPLAINT**

CITY OF NEW YORK, and
JOHN DOES 1-4,

                            **PLAINTIFF DEMANDS**
             Defendants.       **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff, Nizam Shinn, by his attorneys, Lumer & Neville, as and for his

Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

        1.      At all times hereinafter mentioned, plaintiff Nizam Shinn was an adult

male resident of Kings County, in the State of New York.

        2.      At all relevant times hereinafter mentioned, defendant City of New

York ("New York City"), was and is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York and acts by and through its

agencies, employees and agents, including, but not limited to, the New York City Police

Department ("NYPD"), and their employees.

        3.      At all relevant times hereinafter mentioned, defendant John Does 1-4

were individuals whose identities are not known to plaintiff who were employed by the City

of New York as members of the NYPD.  The Doe defendants are sued herein in their

official and individual capacities.

4.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

5.     Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

6.     That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

7.     At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

8.     That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## RELEVANT FACTS

9.     On April 6, 2013, at or about 7:00 a.m., plaintiff was lawfully present inside an apartment at 16 Gunther Place in Kings County, New York (the "premises").

10.    Plaintiff was present inside the premises as an invited guest.

11.    At or about 7:00 a.m., plaintiff was sleeping in a bedroom of the premises, when he was woken up by the entry of police officers into the premises.

12.    The defendants entered the premises at about this time.

13.    The only people present in the premises at the time of the defendants'

2

entry were plaintiff, the tenant who had invited him and the tenant's infant son.

14.     Plaintiff was not engaged in any criminal activity, was not in possession of any narcotics or contraband, was not aware of the existence of any narcotics or contraband in the premises, was not in actual or constructive possession of any narcotics or contraband, and it would have been unreasonable for a police officer to believe that plaintiff had engaged in any such criminal activity.

15.     The defendants lacked probable cause to arrest plaintiff and it was unreasonable for them to believe probable cause existed.

16.     Plaintiff was handcuffed and placed under arrest.

17.     Plaintiff was transported to a local area NYPD station house, where his arrest was processed.

18.     Plaintiff was detained for a period of time before being transported to Central Booking, where he was held for an additional period of .

19.     The office of the prosecutor, believed to be either the Kings County District Attorney or the Office of Special Narcotics Prosecutor, declined to prosecute the plaintiff.

20.     After a period of many more hours, plaintiff was released from defendants' custody without being charged.

21.     That at all times relevant herein, the Doe defendants and their fellow officers were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

3

## FIRST CAUSE OF ACTION

22.     Plaintiff repeats the above allegations as though stated fully herein.

23.     The Doe defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed, or otherwise failed to intervene in such conduct by their fellow police officers.

24.     By so doing, the Doe defendants subjected the plaintiff to false arrest and imprisonment, and unlawful searches of his person and property, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

25.     By reason thereof, the Doe defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

26.     Plaintiff repeats the allegations contained in the preceding paragraphs above as though stated fully herein.

27.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

4

28.     Defendants had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

29.     The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

30.     The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

31.     The failure of the City of New York and the NYPD properly to select,

train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

32.     The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

33.     All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

34.     Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the plaintiff's rights in particular.

35.     By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, lost earnings, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

(Remainder of page intentionally left blank)

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i.      on cause of action one, actual damages and punitive against each of the individual defendants, in an amount to be determined at trial;

ii.     on cause of action two, actual damages against the municipal defendant, in an amount to be determined at trial;

iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

iv.     such other relief as the Court deems just and proper.

Dated:   New York, New York
         March 2, 2015

LUMER & NEVILLE
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060

By: _____
    Michael B. Lumer (ML-1947)

8